IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3-11-CR-58-CAR |
| | : | |
| v. | : | VIOLATION: |
| | : | 18 U.S.C. § 371 |
| WESLEY JOSEPH WINGO, | : | (i/c/w 666, 1341, 1343, |
| a/k/a JOE WINGO, PASTOR JOE, and PJ | : | 1349, 2314 and 1512) |
| ANDREW WINGO, | : | 18 U.S.C. § 666 |
| a/k/a ANDY WINGO; | : | 18 U.S.C. § 1343 |
| LINDA WINGO, | : | 18 U.S.C. § 1349 |
| a/k/a PASTOR LINDA; and | : | 18 U.S.C. § 1356 |
| HARRY MICHAELS, | : | (i/c/w 1956(a) and 1957) |
| | : | 18 U.S.C. § 1957 |
| Defendants | : | 18 U.S.C. § 2314 |
| | : | 18 U.S.C. § 1512 |

**GOVERNMENT'S RESPONSE TO DEFENDANT MICHAELS'
MOTION FOR A BILL OF PARTICULARS ON COUNT ONE**

COMES NOW the United States of America, by and through its undersigned attorneys, and submits this Response to Defendant Michaels' Motion for a Bill of Particulars as to Count One of the Indictment. Michaels seeks nothing more than generalized discovery, information that has already been provided to him, and, prematurely, the Government's witness and exhibit lists. For the reasons that follow, the Government respectfully submits that Michaels' motion, should be denied.

**INTRODUCTION**

Michaels is charged in a Forty-Nine Count Indictment. (Doc. 1). Count One alleges that Michaels, along with co-defendants Joe Wingo, Andy Wingo, and Linda Wingo, conspired to commit: (i) wire fraud, in violation of 18 U.S.C. § 1343; (ii) mail fraud, in violation of 18 U.S.C. § 1341; (iii) attempt to commit fraud, in violation of 18 U.S.C. § 1349; (iv) theft from an

1

organization receiving federal funds, in violation of 18 U.S.C. §§ 666 and 2; (v) interstate transportation of stolen property, in violation of 18 U.S.C. §§ 2314 and 2; and (vi) tampering with a witness, in violation of 18 U.S.C. §§ 1512 and 2.

The same defendants are named in Counts Two through Twenty-Four, alleging wire fraud in violation of 18 U.S.C. § 1343, Counts Twenty-Five through Thirty-Nine, alleging money laundering in violation of 18 U.S.C. § 1957, and, Count Forty, alleging conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).[1]  Michaels, along with Joe and Andy Wingo, is named in Counts Forty-Three through Forty-Six alleging interstate transportation of stolen property, in violation of 18 U.S.C. § 2314.[2]

The Indictment returned in this case is Seventy-One (71) pages in length.  A significant portion is committed to the conspiracy alleged in Count One.  (Doc. 1, pp. 6-53). Despite this, Michaels requests a bill of particulars, asserting that Count One "fails to sufficiently apprise the Defendant Michaels of what he is charged with and alleged to have participated in." (Doc. 97, p. 3).  Specifically, he makes ten separate requests for information.  (Doc. 97, pp. 4 -9).

In Count One, the Government alleges that Michaels, employed in the food procurement department of Angel Food Ministries (AFM),[3] conspired with Joe, Andy and Linda Wingo to

---

[1] Michaels is not named in Counts Forty-One and Forty-Two, which charge Joe and Linda Wingo with theft from an organization receiving federal funds, in violation of 18 U.S.C. §§ 666 and 2, nor is he named in Counts Forty-Seven through Forty-Nine which charge Linda Wingo with tampering with witnesses and obstruction of justice, in violation of 18 U.S.C. § 1512(b)(3).

[2] The indictment also contains forfeiture notice as to all defendants on Counts One, Two through Twenty-Four, and Forty-One through Forty-Nine, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and on Counts Twenty-Five through Forty, pursuant to 18 U.S.C. § 982(a)(1).

[3] Angel Food Ministries, a Georgia non-profit organization with a 501(c) tax exemption from the Internal Revenue Service, was primarily a food assistance program that purchased food in bulk at discount prices, and then sold to individuals and families through a network of "host

defraud AFM and the United States and its agencies. (Doc.1, p. 2, 6). Michaels, along with Andy Wingo and other AFM employees, contacted food vendors and negotiated food purchases on behalf of AFM. (Doc. 1, p. 3). However, during the period of on or about January 1, 2003, through December 31, 2009, Michaels, with And Wingo and with the knowledge and assistance of Joe Wingo, solicited various vendors who sold food to AFM to pay kickbacks to the defendant(s) as a condition of continuing to do business with AFM. (Doc. 1, p. 8).

Various schemes for obtaining the kickbacks are set out in Count One of the Indictment. (Doc. 1, pp. 7-10). For example, at the direction of Michaels and Andy Wingo, vendors would increase the amount of their invoices to AFM in order to cover the amounts the vendors paid in kickbacks. (Doc. 1, p. 8). The inflated invoices, delivered by the vendors to AFM in person, by fax, or by mail, would then be paid by AFM through check or wire transfer. (Doc. 1, p. 8). Additional kickback and "bump-up" monies were solicited by the defendants, including Michaels, from AFM vendor J&W Foods (owned by William "Bill" Askins) (Doc. 1, p. 16) through schemes, detailed in the indictment, by which the defendants, including Michaels, instructed J&W Foods to submit inflated invoices to AFM and which defendants, including Michaels, with knowledge of the bogus charges, caused AFM to pay in full, with the overages being split between the defendants and the vendor. (*See, e.g.,* Doc. 1, pp. 9, 23, 27, 31, 32, 35, 37, 41, 42).

The defendants also sold excess inventory owned by AFM and had the proceeds diverted to their personal use directly, and by having payments made to Good Hope Food Company (Good Hope), a "for profit" corporation established by Joe, Linda, and Andy Wingo, and an unindicted individual. (Doc. 1, pp. 4, 8). Good Hope was used as a mechanism to transfer

---

site" churches. (Doc.1, p. 1). The stated purpose of Angel Food Ministries was to sell food at reduced priced to the needy; however, Angel Food Ministries, in fact, sold food to anyone. (*Id.*).

monies from AFM and vendors of AFM to the defendant(s) and for the private benefit of the defendant(s).  (Doc.1, p. 4). Thousand Hills Cattle Company (Thousand Hills), another "for profit" business incorporated in the State of Georgia by Joe and Linda Wingo, and others. (Doc. 1, p. 5).  Thousand Hills was also used as a mechanism to transfer monies out of AFM to the defendant(s) and for the private benefit of the defendant(s).  (*Id.*).  The Indictment makes clear in Count One that Michaels received in excess of $92,000 of the monies fraudulently billed to and paid by AFM during the period of the conspiracy.  (Doc. 1, pp. 44 to 50).  Count One lists the amounts and means by which Michaels received each draw of the monies, as well as the related overt acts set out in Count One.  (Doc. 1, 44 to 50).  The overt acts include specific dates, locations and participants in describing Three Hundred Fifty Six (356) distinct actions taken in furtherance of the conspiracy alleged in Count One.  (Doc. 1, pp. 11 to 54).

Despite this level of detail, Michaels nevertheless argues that he has not been fully apprised sufficiently of "what he is charged with and alleged to have participated in." (Doc 97, p. 3).  For the reasons that follow, the Government disagrees, and it respectfully submits that Michaels' Motion for a Bill of particulars should be denied.

## ARGUMENT

Rule 7 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1). This Rule also authorizes a court to direct the government to file a bill of particulars.  Fed. R. Crim. P. 7 (f).

The purpose of a bill of particulars "is threefold:  to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same

offense." United States v. Anderson, 799 F.2d 1438, 1441-42 (11th Cir. 1986) *(internal quotation marks omitted)*. A bill of particulars "supplements an indictment by providing the defendant with information *necessary* for trial preparation. Id. *(emphasis in original)*.

However, "[g]eneralized discovery is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill." Id. "A bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy." United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986) *modified on other grounds,* 801 F.2d 378 (11th Cir.1986). As to co-conspirators, at most, the "government need only provide the names of all known co-conspirators, indicted or unindicted, and the approximate date when each defendant entered and, if applicable, left the alleged conspiracy." United States v. Cole, 755 F.2d 748, 760-61 (11th Cir.1985) *(internal quotation marks omitted)*. *See also*, United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981).The government is not required to provide defendants with all overt acts that might be proven at trial. Rosenthal, *supra.* "Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection." Id. *See also*, United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir.1980) (Bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial;" United States v. White, D.C., 50 F.R.D. 70, 71-72, aff'd., 450 F.2d 264 (5th Cir. 1971) (denying requests for bill of particulars seeking information such as the precise manner in which the charged offense was committed, names and addresses of all persons who took part in the continuing acts charged, and the exact location of acts charged in conspiracy indictment as having "nothing whatever to do with clarifying the charge against [defendant] but instead merely seek disclosure of the Government's case against her.").

5

Michaels' request is simply an attempt to obtain discovery, much of which has already been provided, and as such should be denied. Further, much of the information requested by Michaels has already been provided by the Government through discovery. The Government scanned and Bates-numbered documents which related to each series of overt acts in the Indictment relating to J&W Foods covering Overt Acts 55-125. The Government will complete this process and provide the same type of documentation for Overt Acts 126 through 189. In addition the Government provided the same type of discovery for Seventeen (17) additional series of transactions between the defendants and J&W Foods. Accordingly, Michaels' requests should also be denied as moot. The Government addressed each of Michaels' requests individually below.

### Request No. 1

In Request No. 1, Michaels asks that invoices described in Overt Acts numbered 55, 61, 73, 81, 100, 106, 110, 112, 114, 126, 135, 140, 144, 167, 168, 172, 173, 176, 177 and 180 in Count One be further identified by invoice number and date. (Doc. 97, pp. 4-5). The fact that Michaels views the request as reasonable based on the Government's inclusion of this information with regard to some particular invoices within Count One is no basis for requiring a bill of particulars as to others. Michaels has not attempted to demonstrate how this information is necessary for trial preparation. See Anderson, 799 F.2d at 1441. The invoices containing the requested information are described in the indictment in sufficient detail for Michael to locate them within discovery documents that have been provided to the defendants by the Government. The Government should not be required to do Michaels' discovery work for him by way of a bill of particulars and the request should therefore be denied. See Rosenthal, 793 F.2d at 1227. Indeed, the Government has gone beyond the discovery requirements by providing discovery

documents to the defendants in a searchable electronic format, Bates-numbered, to facilitate discovery and investigation. The Government will supplement its production to the defendants in compliance with its ongoing duty in discovery, and as additional indices are developed in the course of the Government's preparation for trial to facilitate discovery. To the extent known and available to the Government, the requested information is or will be available through documents produced in discovery. Accordingly, this request should be denied for the further reason that it is moot.

### Request No. 2

Request No. 2 seeks the date, place, subject matter and all persons involved in or having knowledge of "deals" and "sums" described in Overt Act 125. (Doc. 97, p. 5). This is a quintessential discovery request and not an appropriate purpose for seeking a bill of particulars. Anderson, 799 F.2d at 1441-42; Burgin, 621 F.2d at 1359; White, D.C., 50 F.R.D. at 71-72. The Government is not required to provide in a bill of particulars details regarding overt acts in furtherance of the conspiracy, and Michaels has not shown that this information is necessary for trial preparation. Rosenthal, 793 F.2d at 1227. Also, the information is available to Michaels through discovery provided by the Government or other means. Anderson, *supra.*; Burgin, *supra.;* White, *supra.;* Rosenthal, *supra.* Therefore this request should be denied. The request should further be denied as moot. Again, the Government has gone beyond the discovery requirements by providing discovery documents to the defendants in a searchable electronic format, Bates-numbered and indexed, to facilitate discovery and investigation. The Government will supplement its production to the defendants in compliance with its ongoing duty in discovery, and as additional indices are developed in the course of the Government's preparation

for trial, to facilitate discovery. To the extent known and available to the Government, the requested information is or will be available through documents produced in discovery.

### Request No. 3

Request No. 3 seeks the date, place, subject matter and all persons involved in or having knowledge of "transactions" described in Overt Act 139. (Doc. 97, pp. 5-6). As with Request No. 2, this is a discovery request inappropriate for seeking a bill of particulars and, for the same reasons, should be denied. <u>Anderson</u>, *supra.*; <u>Burgin</u>, *supra.;* <u>White</u>, *supra.;* <u>Rosenthal</u>, *supra*. The request should further be denied as moot. The Government has gone beyond the discovery requirements by providing discovery documents to the defendants in a searchable electronic format, Bates-numbered and indexed, to facilitate discovery and investigation. The Government will supplement its production to the defendants in compliance with its ongoing duty in discovery, and as additional indices are developed in the course of the Government's preparation for trial, to facilitate discovery. To the extent known and available to the Government, the requested information is or will be available through documents produced in discovery.

### Request No. 4

Request No. 4 seeks identification of the "real estate closing attorney" referenced in Overt Act 128 (Doc. 97, p. 6). As with Requests No. 2 and 3, Request No. 4 is a discovery request inappropriate for seeking a bill of particulars and, for the same reasons, should be denied. <u>Id</u>. The request should further be denied as moot. The Government has gone beyond the discovery requirements by providing discovery documents to the defendants in a searchable electronic format, Bates-numbered and indexed, to facilitate discovery and investigation. The Government will supplement its production to the defendants in compliance with its ongoing duty in discovery, and as additional indices are developed in the course of the Government's

preparation for trial, to facilitate discovery. To the extent known and available to the Government, the requested information is or will be available through documents produced in discovery.

### Request No. 5

Request No. 5 seeks the name and relation of persons identified as "family member" in Overt at 159 (Doc. 97, p. 6).  As with Requests No. 2 through 4, Request No. 5 is a discovery request inappropriate for seeking a bill of particulars and, for the same reasons, should be denied. Id.  The request should further be denied as moot.  The Government has gone beyond the discovery requirements by providing discovery documents to the defendants in a searchable electronic format, Bates-numbered and indexed, to facilitate discovery and investigation.  The Government will supplement its production to the defendants in compliance with its ongoing duty in discovery, and as additional indices are developed in the course of the Government's preparation for trial, to facilitate discovery. To the extent known and available to the Government, the requested information is or will be available through documents produced in discovery.

### Request No. 6

In Request No. 6, moving for a bill of particulars "as to the identities of all co-conspirators the defendants who allegedly knowingly combined, conspired, confederated, and agreed with," Michaels places emphasis on the language "with others both known and unknown to the Grand Jury." (Doc. 97, pp. 6-7).  Michaels relies upon the Supreme Court opinion in Will v. United States, 389 U.S. 90, 98-99, 88 S.Ct. 269 (1967) in support of this request.  The Government agrees that under some circumstances a defendant may be entitled to the names of known unindicted coconspirators. Cole, 755 F.2d at 760-61. Prior to ordering the Government to

supply the names of unindicted coconspirators, however, the Court should decide whether or not that information is necessary *in this case* in order for him to prepare his defense and to avoid surprise.

Indeed, there are a number of decisions upholding the denial of a request for such a bill of particulars. *See*, United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981) (denial of motion for bill of particulars seeking identities of unindicted co-conspirators not error where defendant failed to establish surprise or prejudice); United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991) (denial of motion for bill of particulars seeking identity of co-conspirator not error where defendant knew the dates involved as stated in the indictment, and failed to demonstrate surprise or prejudice or that counsel's ability to prepare for trial was impeded); United States v. Torres, 901 F.2d 205, 233-34 (2nd Cir. 1990) *overruled on other grounds as recognized by* United States v. Marcus, 628 F.3d 36 (2nd Cir. 2010) (upholding denial of bill of particulars seeking, in part, the identity of other persons known and unknown as alleged in indictment); *see also*, United States v. Lobue, 751 F. Supp. 749, 756 (N.D. Illinois 1990) (defendants not entitled to bill of particulars setting forth names of unindicted co-conspirators, where names were not necessary to understand the nature of the charges set out in detailed indictment); United States v. Ojeikere, 299 F. Supp.2d 254, 260-61 (S.D. N.Y. 2004) (defendant not entitled to bill of particulars identifying unnamed co-conspirators, where superseding indictment was supplemented with detailed complaint and ongoing discovery such that defendant could prepare for trial, avoid surprise, or interpose a plea of double jeopardy); United States v. Trippe, 171 F. Supp.2d 230, 240 (S.D. N.Y. 2001) ("demands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied").

Here, the indictment is sufficiently specific as to the events and transactions involved for Michaels to prepare his defense and to avoid surprise. The indictment indicates many of the individuals by name or initials with whom the defendants dealt. The discovery provided by the Government further discloses the individuals who were involved in this matter, whether or not they were unindicted coconspirators or merely witnesses. Further, the Defendant has not shown that this information is necessary for trial preparation; the indictment is sufficiently precise with regard to identifying known co-conspirators. *See,* Anderson, 799 F.2d at 1441-42. The request should therefore be denied. Further, to the extent the request seeks the identity of *all* co-conspirators, including those unknown to the Government, it is impossible and goes beyond the scope of what is required by a bill of particulars. *See* United States v. Feola, 651 F.Supp. 1068 (S.D.N.Y. 1987) (Noting that courts have traditionally required disclosure of names of all persons the government will claim to have been co-conspirators "to the extent such persons are known to the Government"); Rosenthal, 793 F.2d at 1227. As to those persons known to and believed by the Government to have been co-conspirators, the requested information has been provided through discovery. United States v. Thevis, 474 F.Supp. 117, 124-28 (N.D.Ga.1979), cited by Michaels along with Will in support of this request, requires no more. *See* Thevis, *supra.* (finding indictment in complex RICO case insufficiently clear to the extent it did not disclose the *known* conspiracy members, but noting that a motion for bill of particulars is not "a carte blanche to the defense to investigate the government's case"). Therefore the request should additionally be denied as moot.

**Request No. 7**

Request No. 7 seeks to require the government to provide the "basis for the allegation regarding the time frame of the conspiracy" and the "dates on which each alleged co-conspirator," indicted or unindicted, "is alleged to have joined the conspiracy charged in [Count One]." (Doc. 97, p. 7). This is clearly another attempt to obtain discovery inappropriately through a bill of particulars. Anderson, *supra.*; Burgin, *supra.;* White, *supra.;* Rosenthal, *supra*. The Government acknowledges that, *under some circumstances*, a bill of particulars may be an appropriate vehicle for obtaining "the approximate date when each defendant entered and, if applicable, left the alleged conspiracy." Cole, 755 F.2d at 760-61 (11th Cir.1985) (*internal quotation marks omitted*)(affirming denial of motion for bill of particulars in drug conspiracy case where district court, on amended motion, granted in part requiring Government to provide only names of known indicted or unindicted co-conspirators and approximate dates of their entering and/or leaving the conspiracy). Where, for example, an indictment fails to set forth specific facts supporting requisite elements of the offense charged, a bill of particulars setting out essential information might be needed. Thevis, 474 F.Supp. at 123. However, each case must be determined on its own facts. Id. Where, as here, the indictment contains sufficient specificity as to the offense charged, pre-trial disclosure is not required as to details of when and how the conspiracy was formed, and when each participant joined the conspiracy. *See, e.g.,* United States v. Wolfson, 289 F.Supp. 903, 912–14 (S.D.N.Y.1968), *aff'd* 405 F.2d 779 (2d Cir.1968), *cert. denied,* 394 U.S. 946, 89 S.Ct. 1275 (1969). Michaels has not shown, in this case, that nondisclosure of the requested information would result in prejudicial surprise or preclude his preparation of a meaningful defense. 474 F.Supp. at 123-24. Michaels' request should therefore be denied. The Government has provided, or will provide, discovery which reflects transactions

and events occurring as early as 2003.  Therefore this request should be denied for the further reason that it is moot.

### Request No. 8

Request No. 8 seeks the dates, times and places Michaels is alleged to have knowingly "combined, conspired, confederated, and agreed with" Andy, Joe, and Linda Wingo to commit Count One violations (Doc. 97, p. 8).  Like Request No. 7, this Request is an attempt to discover details to which Michaels is not entitled from the Government prior to trial.  Anderson, *supra.*; Burgin, *supra.;* White, *supra.;* Rosenthal, *supra*.  Further, much of the information sought is available through discovery provided by the Government to the defendants and through other means.  There has been no showing that the information is necessary in preparation of the defense, and the request should therefore be denied.

### Request No. 9

Request No. 9 seeks disclosure of the dates, times and places Michaels is alleged to have knowingly "combined, conspired, confederated, and agreed with" any of the co-conspirators identified in response to Request No. 1, *supra* (Doc. 97, pp. 8-9).  Request No. 1 did not include a request for identification of co-conspirators.   However, the Government submits that as to any co-conspirators, Request No. 9, like Requests No. 7 and 8, is an attempt to discover details to which Michaels is not entitled from the Government prior to trial.  Anderson, *supra.*; Burgin, *supra.;* White, *supra.;* Rosenthal, *supra*.  There has been no showing that the information is necessary in preparation of the defense, and the request should therefore be denied.

**Request No. 10**

Finally, in Request No. 10, Michaels seeks disclosure of the dates, locations, and participants of all overt acts not already identified in the indictment "allegedly committed in furtherance of the conspiratorial agreement alleged in Count One" (Doc. 97, p. 9). It is well settled that the Government is not required to provide defendants with all overt acts that might be proven at trial. Rosenthal, *supra.*; Colson, *supra.* The indictment is sufficiently precise to inform Michaels of the charge and enable his preparation of a meaningful defense. Information as to additional overt acts is included in discovery provided to Michaels by the Government and through other means. There has been no showing of necessity and this generalized discovery request, as with the preceding nine requests, should be denied.

**CONCLUSION**

In summary, there has been no showing, beyond Michaels' conclusory assertions, that any of the requested information is necessary to prevent unfair surprise at trial or enable preparation of a meaningful defense. Michaels' requests seek nothing more than generalized discovery, information that has already been provided, and, prematurely, the Government's witness and exhibit lists. The indictment informs Michaels with sufficient precision of the charge against him to allow him to prepare his defense, and the information sought, to the extent Michaels is entitled to such, is available through the indictment, discovery and inspection, or other sources.

For the reasons set out above, the Government respectfully requests that the Court deny Defendant Michaels' motion for Bill of Particulars on Count One.

RESPECTFULLY SUBMITTED this 22nd day of March, 2012.

                MICHAEL J. MOORE
                UNITED STATES ATTORNEY

BY:   S/_____
        S/SHARON T. RATLEY
        Georgia Bar No. 703150
        Graham A. Thorpe
        Danial E. Bennett
        ASSISTANT UNITED STATES ATTORNEYS
        United States Attorney's Office
        Middle District of Georgia
        P.O. Box 1702
        Macon, Georgia 31202
        Telephone: (478) 752-3511
        Fax Number: (478) 621-2655

## CERTIFICATE OF SERVICE

I, SHARON T. RATLEY, Assistant United States Attorney, do hereby certify that I have this date electronically filed the within and foregoing **Response of the United States to Defendant Michaels' Motion for a Bill of Particulars on Count One (Conspiracy Under 18 U.S.C. § 371) and Incorporated Memorandum of Law in Opposition** with the clerk of the court for the Middle District of Georgia using the CM/ECF system which will send notification of such filing to the following:

Thomas D. Bever
Attorney at Law
3127 Maple Drive, N.E.
Atlanta, GA  30305
**Counsel for Harry Michaels**

Edward Tolley
Attorney at Law
P.O. Box 1927
Athens, GA  30603
**Counsel for Linda Wingo**

Cynthia Roseberry
Federal Defender's Office
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, GA  31201
**Counsel for Andrew Wingo**

**and by U.S. Mail to:**
Wesley Joseph Wingo
3051 Nunnally Shoals Road
Good Hope, GA  30641

RESPECTFULLY SUBMITTED this 22nd day of March, 2012.

                                          MICHAEL J. MOORE
                                          UNITED STATES ATTORNEY

BY:   S/_____
           S/SHARON T. RATLEY
           Georgia Bar Nº BAR NO. 703150
           Graham A. Thorpe
           Danial E. Bennett
           ASSISTANT UNITED STATES ATTORNEYS
           United States Attorney's Office
           Middle District of Georgia
           P.O. Box 1702
           Macon, Georgia 31202
           Telephone: (478) 752-3511
           Fax Number: (478) 621-2655